NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No. 22-1824<br><br>Agency No.    A072-927-538<br><br><br>ORDER |

Before: CHRISTEN and BENNETT, Circuit Judges, and KATZMANN,[*] Judge.

On January 18, 2024, following the original issuance of this memorandum disposition, Petitioner moved to amend the caption of this case to remove Petitioner's real name. According to Petitioner, public disclosure of his real name could expose him to harm upon his removal to Mexico. The panel amends the memorandum and its associated caption to remove all references to Petitioner's real name.

---

[*] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DOE,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 22-1824

Agency No.    A072-927-538

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024[**]
Pasadena, California

Before: CHRISTEN and BENNETT, Circuit Judges, and KATZMANN,[***]
Judge.

    John Doe ("Petitioner"), a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") upholding

the Immigration Judge's ("IJ") denial of his claims for withholding of removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

and for relief under the Convention Against Torture ("CAT").  We lack jurisdiction to consider Petitioner's petition insofar as it relates to his eligibility for withholding of removal, and we dismiss that component of the petition.  We have jurisdiction under 8 U.S.C. § 1252 to consider Petitioner's petition insofar as it relates to his eligibility for CAT relief, and we deny that component of the petition.

1. We lack jurisdiction to consider Petitioner's challenge to the BIA's denial of his appeal from the IJ's order denying his application for withholding of removal.  The BIA upheld the IJ's determination that the robbery offense of which Petitioner was convicted in 2019 constitutes a "particularly serious crime," thus rendering him ineligible for withholding of removal.  8 U.S.C. § 1231(b)(3).  Our jurisdiction to review particularly-serious-crime determinations is limited to circumstances where a petitioner raises a constitutional or legal question, such as whether the BIA applied the correct legal standard.  *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (citation omitted); *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019); *see also Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) (contrasting challenges that raise constitutional or legal questions with those that merely request "a re-weighing of the factors" (internal quotation marks and citation omitted)).

Although he purports to argue that the BIA applied the wrong legal standard, Doe does not raise such a question in his brief.  The sole substantive

argument he lays out is that the BIA erred in failing to consider certain extenuating facts about his participation in the 2019 robbery. But this is not an argument that the BIA somehow failed to apply the appropriate set of factors, which the BIA first outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982). *See also Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (explaining that the four so-called "*Frentescu* factors" constitute, with certain regulatory modifications, "the applicable legal standard for determining whether a particularly serious crime has been committed"). Under *Frentescu* the BIA is to consult, *inter alia*, "the circumstances and underlying facts of the conviction." 18 I. & N. Dec. at 247. That is precisely what the BIA did here. Accordingly, much as Petitioner might disagree with the BIA's assignment of weight to certain "underlying facts," that disagreement does not amount to an argument that the BIA applied the wrong legal standard altogether. Properly characterized, Petitioner's argument is a request for re-weighing that does not suffice to invoke our jurisdiction. *See Benedicto*, 12 F.4th at 1062.

We therefore dismiss the petition as it pertains to Petitioner's application for withholding of removal.

2. We deny Petitioner's petition as it pertains to his application for deferral of removal under the CAT. To qualify for CAT protection Petitioner must demonstrate a "particularized threat of torture" and establish that he will more likely than not be tortured upon his removal to Mexico. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). The BIA

determined the threats on which Petitioner based his CAT application to be overly speculative and insufficiently particularized; we review that determination for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Under this standard, we "uphold[] the BIA's determination unless the evidence in the record compels a contrary conclusion." *Id*.

The record does not so compel. Petitioner argues that the BIA erred in disregarding his fear of torture at the hands of persons associated with the Jalisco New Generation and Sinaloa cartels. With respect to the Jalisco cartel, he contends that the BIA erred in ignoring his specific citations to record evidence—including testimony that the brother-in-law of a Jalisco cartel member negatively perceives Petitioner to be an informant—that together established a particularized threat of torture. But this argument, as briefed, is unsupported by any description of how the BIA committed legal error in finding Petitioner's citations to testimonial and documentary evidence insufficient. A petitioner must "specifically and distinctly raise an argument and support it with citations to the record to raise it on appeal." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (internal quotation marks and citation omitted). Instead, Petitioner merely summarizes the BIA's decision, recapitulates parts of his own testimony and subsequent arguments before the BIA, and states a conclusion that the BIA's determination is in error. This series of assertions—which lacks any explanation of how the BIA specifically erred in rejecting Petitioner's presentation of a particularized risk of torture by

members of the Jalisco cartel or their associates—can be no basis for disturbing the BIA's determination.

Regarding the threat posed by the Sinaloa cartel, Petitioner's argument rests on a misreading of the IJ's and the BIA's decisions. The IJ and the BIA referenced the presence of Petitioner's family members in Michoacán, Mexico, as support for the conclusion that Petitioner's "general" fear of Mexican cartels—as distinct from his specific fear of the Jalisco and Sinaloa cartels—constitutes insufficient evidence that Petitioner will more likely than not be tortured upon removal. Petitioner does not challenge that conclusion in this petition for review. Instead, he appears to assert that the BIA improperly referenced the living situation of his family members as a basis for disregarding his specific fear of the Sinaloa cartel. But the IJ and the BIA relied on other grounds entirely in determining that Petitioner's fear of the Sinaloa cartel does not establish a particularized threat of torture. The IJ explained, and the BIA agreed, that the Sinaloa cartel does not pose such a threat because its members have not attempted to threaten or harm Petitioner since their last alleged threat (at Petitioner's mother's California home) in 2015. This explanation, which Petitioner does not properly challenge, does not rely on the improper inference that he purports to identify.

We accordingly deny Petitioner's petition for review as it pertains to his application for deferral of removal under the CAT.

**PETITION DISMISSED IN PART AND DENIED IN PART.**